EBEL, Circuit Judge,
dissenting.
In my opinion, the affidavit in this case was the sort of bare bones, conelusory document which the Fourth Amendment will not permit. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). There is nothing in the affidavit that sets forth any facts connecting drugs, drug paraphernalia, or drug records to the defendant’s home. Indeed, the only reference in the affidavit to the defendant’s home tends to negate any nexus between the defendant’s home and drug activity. The affidavit explicitly states that the defendant “is careful not to sell drugs to anyone from his residence.” (emphasis added.) The affiant further goes on to state affirmatively that he has “not been inside [defendant’s] residence.”
Thus, even utilizing the generous standard set forth in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), I believe that this search was constitutionally defective. I would, accordingly, affirm the district court’s suppression of the evidence obtained as a result of the search.